UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DELBERT R. BARNETT,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSIE GASTELO, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-04070-RGK-JDE<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## BACKGROUND

On June 13, 2022, Plaintiff Delbert R. Barnett ("Plaintiff"), an inmate housed at California Men's Colony Prison ("CMC") proceeding pro se and seeking to proceed in forma pauperis, filed a Complaint against Defendants Josie Gastelo ("Gastelo") and D. Samuel ("Samuel") in their individual capacity under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"). Dkt. 1

1

("Complaint"); Dkt. 2 ("IFP Request"). Plaintiff alleged Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from exposure to the COVID-19 virus. Complaint at 5 (CM/ECF pagination).

After screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), on July 11, 2022, the undersigned issued an order detailing apparent defects with the Complaint and finding that the Complaint failed to state a cognizable claim under the Eighth Amendment, rendering it subject to dismissal. Dkt. 5 ("First Order"). The First Order provided Plaintiff various options on how to proceed, including an option to file an amended complaint attempting to remedy the defects of the Complaint. Id. at 12-13. On July 21, 2022, Plaintiff filed a First Amended Complaint using the Court's approved Civil Rights Complaint form. Dkt. 6 ("FAC").

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must dismiss the FAC if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant immune from such relief. For the reasons discussed below, the Court recommends that the FAC be dismissed with prejudice.

## II.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE FAC

The Court summarizes the allegations contained in the FAC, captioned as a "Civil Rights Complaint" under 42 U.S.C § 1983, as follows. Plaintiff alleges Gastelo and Samuel, in their individual capacity as wardens at CMC, violated his Eighth Amendment rights by depriving him of reasonably safe prison conditions during the COVID pandemic, thereby placing him at a substantial risk of contracting COVID. FAC at 5 (CM/ECF pagination). Plaintiff contends Gastelo unreasonably forced him to live in an eight-person dorm cohort that was not approved by the Center for Disease Control and

Prevention ("CDC"). Id. He asserts this dorm configuration placed him at a substantial risk of contracting COVID because "the only reasonable step[] to take to abate the spread was to depopulate the inmate population." Id. Plaintiff also cites to Brown v. Plata, 563 U.S. 493 (2011), which affirmed a court-mandated prison population limit to remedy the violations of prisoners' constitutional rights, to support his conclusion and show that Gastelo acted with deliberate indifference. Id. at 6. Plaintiff claims these dorm conditions caused him to contract COVID in 2021, resulting in him being placed in quarantine for fourteen days. Id. at 5, 9. Plaintiff avers he continues to suffer from the effects of COVID, including experiencing ongoing headaches and losing his ability to taste and smell. Id. at 9.

      Plaintiff claims Samuel violated his Eighth Amendment rights by subjecting him to the risk of COVID exposure in 2022, resulting in him being placed in quarantine. FAC at 6, 9. He further contends Samuel acted with deliberate indifference towards his health and safety by failing to reconfigure and depopulate the dorms to reduce the spread of COVID, as evidenced by Samuel's pledge to not release any inmates due to COVID. Id. at 7, 9.

      Plaintiff requests "declaratory relief" requiring Defendants "to reduce the dorm population and release inmates with less than two years remaining on their current sentence." FAC at 9. He also seeks $2 million in damages from each Defendant for the suffering he has endured from having contracted COVID-19 at CMC. Id.

### III.
### STANDARD OF REVIEW

      Under 28 U.S.C. §§ 1915(e)(2) and 1915A, a district court must dismiss a complaint by a person seeking to proceed in forma pauperis if the complaint fails to state a claim on which relief may be granted. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable

legal theory; or (2) absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating a complaint to determine whether it states a viable claim, the Court applies the same standard as it would for a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) . See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a). Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (observing that Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly 550 U.S. at 555).

      Thus, to survive screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (observing that a complaint "must allege the basis of [plaintiff's] claim against each defendant" to satisfy Rule 8 pleading requirements). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[ ] that the pleader is entitled to

relief" (as required by Rule 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). For a plaintiff appearing pro se, the court must construe the allegations of the complaint liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

If a complaint fails to state a claim, the Court may provide the plaintiff leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Such leave should be granted if the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). But if, after careful analysis, a complaint clearly cannot be cured by amendment, the Court may dismiss without leave to amend. See Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" when the "basic flaw" in the pleading cannot be cured by amendment).

## IV.

## DISCUSSION

### A. The FAC Fails to State an Eighth Amendment Violation

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. A prison official may be liable for an Eighth Amendment violation if the plaintiff plausibly alleges that such official, acting with "deliberate indifference" to a serious medical need, caused actionable harm. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc) (distinguishing Eighth Amendment and Fourteenth Amendment deliberate indifference standards); Iqbal, 556 U.S. at 678. In the Eighth Amendment context, a "prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by Castro, 833 F.3d at 1076). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844. Additionally, when a defendant holds a supervisory position at a prison, the causal link between the defendant and the claimed Eighth Amendment violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (per curiam); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (per curiam). Vague and conclusory allegations concerning the

6

involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

As an initial matter, prison overcrowding by itself is not a constitutional violation. Doty v. Cnty. of Lassen, 37 F.3d 540, 544 n.1 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982) (noting overcrowding itself is not an Eighth Amendment violation but it can, under certain circumstances, result in specific effects which can form the basis for a constitutional violation), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989) (finding that allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; see, e.g., Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, and communicable disease among inmate population); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth Amendment violation may occur as result of overcrowded prison conditions, "double-celling," causing increased violence, tension, and psychiatric problems).

Although overcrowding by itself may not rise to the level of an Eighth Amendment violation, prison officials may not act with deliberate indifference toward harm caused to inmates by communicable diseases. See, e.g., Helling v. McKinney, 509 U.S. 25, 33 (1993) (finding that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007)

(recognizing an Eighth Amendment claim based on alleged policy of not screening inmates for serious infectious diseases and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Brown, 516 F. Supp. 3d 1161, 1179 (D. Or. 2021) (collecting cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

As to the risks posed by COVID-19, "no one questions that [COVID-19] poses a substantial risk of serious harm to [prisoners]." Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020). To state a cognizable Eighth Amendment claim regarding COVID-19 prison conditions, a complaint must contain more than generalized allegations that a warden has not done enough to enforce six-feet social and living distancing to control the spread of COVID-19. See Richardson v. Allison, 2022 WL 1409835, at *6 (E.D. Cal. May 4, 2022) (finding that in order to state a cognizable Eighth Amendment claim against the warden, a plaintiff must provide more than general allegations that the warden has "not done enough to control the spread [of COVID-19]"), findings and recommendations adopted, 2022 WL 2080054 (E.D. Cal. June 9, 2022); Sanford v. Eaton, 2022 WL 1308193, at *8 (E.D. Cal. May 2, 2022) (same), findings and recommendations adopted, 2022 WL 2181782 (E.D. Cal. June 16, 2022); Benitez v. Sierra Conservation Ctr., Warden, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021); McKissick v. Gastelo, 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021).

In examining whether a prison official subjectively acted with deliberate indifference to the risk of COVID-19, the key inquiry is not whether the official responded perfectly, complied with every CDC guideline, or completely averted the risk; instead, the key inquiry is whether the official "responded reasonably to the risk." Benitez, 2021 WL 4077960, at *5; see also Plata, 445

F. Supp. 3d at 564 ("The question is whether [p]laintiffs have demonstrated that [d]efendants' response to the COVID-19 epidemic is unreasonable."). A prison official responds reasonably to the risk when she has "not disregarded a known risk or failed to take any steps to address the risk," even if the prison's response has been inadequate. Benitez, 2021 WL 4077960, at *6.

      To state a civil rights claim under Section 1983, Plaintiff must allege, among other things, a causal link between the Defendants' action or inaction and Plaintiff's alleged constitutional harm. The requisite causal connection can be established when a person (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation;" or (2) "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (internal citation omitted). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "a supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal citation, alterations, and quotations omitted).

      The FAC's conclusory allegations that Gastelo implemented eight-person dorm cohorts and that Samuel refused to decrease the inmate population fail to show Defendants' direct participation in the alleged constitutional violations. FAC at 5, 9. Rather Plaintiff makes a general allegation that Defendants, in their supervisory capacity as CMC's warden, did not do enough to abate the spread of COVID. See id. at 5 ("The 8 men[] cohort was part of the dorm reconfiguration that placed the plaintiff at

substantial risk, because the only reasonable steps to take to abate the spread was to depopulate the inmate population."). To the extent Plaintiff roots his claims solely on Defendants' status as warden, these conclusory allegations fail because they are based on respondeat superior, which is not, by itself, a cognizable basis of liability under Section 1983. See Iqbal, 556 U.S. at 677; see also Sanford, 2022 WL 1308193, at *5; Burgess v. Newsom, 2021 WL 4061611, at *3 (E.D. Cal. Sept. 7, 2021) ("Although [p]laintiff mentions the inability to social distance, he has failed to allege the causal link between [the warden] and the claimed constitutional violation which must be specifically alleged."), findings and recommendation adopted, 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021); McKissick, 2021 WL 2895679, at *6 (finding that plaintiff failed to state a cognizable Eighth Amendment claim by generally stating that defendant prison guard had failed to implement six-feet social distancing and living in the prison dorms). Nor does the FAC allege Defendants' direct participation in a constitutional violation, acquiescence in the constitutional deprivation, or a reckless or callous indifference to the rights of others. See McKissick, 2021 WL 2895679, at *6. Accordingly, the FAC does not state a claim for direct or supervisory liability against Defendants.

Moreover, even assuming Plaintiff made the requisite causal connection between his harm and Defendants' actions, Plaintiff's allegations that Defendants violated his Eighth Amendment rights by implementing eight-person dorm cohorts and failing to reduce dorm capacity do not state cognizable constitutional claims. As the Court advised Plaintiff in the First Order, CMC's inability to follow all applicable CDC guidelines does not show that Defendants acted with deliberate indifference so long as CMC staff instituted reasonable measures designed to lower the inmates' risk of contracting COVID. See Hernandez v. Covello, 2022 WL 1308194, at *4 (E.D. Cal. May 2, 2022) (finding that a generalized claim that the warden did

not do enough "to permit social distancing in prisons is insufficient to establish the more culpable state of mind of deliberate indifference"). The FAC details some of the reasonable measures CMC implemented to reduce the spread of COVID, including mandating quarantine for those infected with COVID and creating eight-person dorm cohorts. See Hall v. Allison, 2022 WL 3013162, at *9-10 (C.D. Cal. July 18, 2022) (finding plaintiff failed to allege that Gastelo did nothing to attempt to alleviate the risk to plaintiff from COVID because the complaint showed that "efforts were made to group dorm inmates in eight-person 'cohorts,'" regardless of whether the use of eight-person cohorts was contrary to CDC policy); Benitez, 2021 WL 4077960, at *6 (observing that quarantine, isolation, vitals check, and housing movement were reasonable measures the prison implemented to protect inmates from the risks of contracting COVID). Although these measures did not eliminate the risk of contracting COVID at CMC, CMC's implementation of these measures shows Defendants did not act with deliberate indifference towards the risks posed by COVID. See Lucero-Gonzalez v. Kline, 464 F. Supp. 3d 1078, 1090 (D. Ariz. 2020) (finding that the "[t]he very fact" that defendants enacted policies to respond to COVID "supports that they have not been subjectively indifferent to the risks posed by COVID-19" to inmates); Hall, 2022 WL 3013162, at *10 (finding plaintiff's claim that Gastelo configured dorms into eight-person cohorts "does not suffice to allege deliberate indifference").

Accordingly, general allegations, like Plaintiff's, of a failure to reduce dorm capacity are insufficient when the FAC shows CMC staff took other reasonable steps to decrease the transmission of COVID. See Peyton v. Cates, 2022 WL 1430752, at *6 (E.D. Cal. May 5, 2022) ("[T]he allegation that [p]laintiff is housed in a dorm at max capacity does not, without more, provide a sufficient basis to conclude that the dorm is actually overcrowded, that this housing arrangement led to his contracting COVID, or that [d]efendant

1 | promulgated a policy resulting in overcrowding."), <u>report and
2 | recommendation adopted by,</u> 2022 WL 2307789 (E.D. Cal. June 27, 2022);
3 | <u>Vaught v. Phillips</u>, 2020 WL 5544221, at *5 (S.D. Cal. Sept. 16, 2020) (finding
4 | that plaintiff's "opinion that social distancing is the only way to prevent the
5 | spread of [COVID] is a difference of opinion with [prison officials]" and that
6 | plaintiff "has not alleged that any of the named [d]efendants acted with
7 | deliberate indifference to his plight by 'knowing of and disregarding an
8 | excessive risk to his health and safety' with respect to the decision to prevent
9 | the spread of the virus with other methods" (quoting <u>Farmer</u>, 511 U.S. at
10 | 837)); see also <u>Plata</u>, 445 F. Supp. 3d at 564 (finding that defendants did not
11 | act unreasonably by failing to create eight person cohorts in the dorms because
12 | defendants had "implemented several [other] measures to promote increased
13 | physical distancing, including reducing the population, transferring inmates
14 | out of dormitory housing to less crowded spaces, restricting movement . . .,
15 | and placing six-foot markers in communal areas"); <u>cf.</u> <u>Maney v. Brown</u>, 464 F.
16 | Supp. 3d 1191, 1211 (D. Or. 2020) (observing that the court cannot fault a
17 | prison, which has no control over the number of inmates sent to its institution,
18 | for "failing at the impossible task of maintaining six feet between all [inmates]
19 | at all times"); <u>Richardson</u>, 2022 WL 1409835, at *6 (observing that "proximity
20 | to other inmates is an unavoidable condition of confinement").
21 |        Further, to the extent Plaintiff seeks the remedy of release from prison
22 | (either the release of Plaintiff or the release of other inmates), the FAC is
23 | insufficient. Under the Prison Litigation Reform Act, a court may not enter a
24 | prisoner release order in a civil case challenging the conditions of confinement
25 | unless a court previously has entered an order for less intrusive relief that failed
26 | to remedy the alleged deprivation and the defendant has had a reasonable
27 | amount of time to comply with the previous court order. 18 U.S.C.
28 | § 3626(a)(3). The FAC alleges no facts supporting such relief. Moreover, any

release order may be entered only by a three-judge court, under conditions prescribed by statute, and in accordance with the provisions of 28 U.S.C. § 2284. Nor can Plaintiff premise his claim for relief on Brown v. Plata because "Plata by itself does not provide any substantive rights on which plaintiff can rely, . . . ." Thomas v. Alameda Cnty., 2015 WL 1201290, at *3 (N.D. Cal. Mar. 16, 2015). Accordingly, Plaintiff has failed to allege facts showing the availability of the remedy of release.[1] See Peyton, 2022 WL 1430752, at *7-8.

In sum, the Court does not discount Plaintiff's alleged suffering from having contracted COVID while housed in CMC's facilities or his concerns of being further exposed to COVID. See Richardson, 2022 WL 1409835, at *6 (recognizing that "the transmissibility of the coronavirus in conjunction with prison living conditions place prisoners at a substantial risk of suffering serious

---

[1] Nor does it appear Plaintiff has Article III standing to request such declaratory relief. Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). In the context of declaratory relief, the plaintiff must show that he has suffered or is threatened with a "'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" Canatella v. California, 304 F.3d 843, 852 (9th Cir. 2002) (as amended) (internal citation omitted); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002) (explaining that "the injury that a plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm"). Here, Plaintiff requests the Court order CMC to "release inmates with less than two years remaining on their current sentence" (FAC at 9), yet Plaintiff does not claim that he himself has less than two years remaining on his sentence. Accordingly, because Plaintiff does not have a sufficient "personal stake" in the outcome, he lacks standing to request such a relief.

harm"). The FAC, however, does not plausibly allege facts showing that Defendants violated the Eighth Amendment. Thus, the FAC, as pled, fails to state a claim upon which relief may be granted.

B. **Further Leave to Amend Is Not Warranted**

The Court previously apprised Plaintiff of the deficiencies of his allegations and provided him an opportunity to amend to correct those deficiencies. Plaintiff's FAC, however, suffers from the same defects as his prior Complaint. Further, despite an opportunity to amend his Complaint, Plaintiff made no substantive changes to the Complaint to address the identified defects and thus has again failed to allege a valid federal claim against Defendants. The Court finds that the deficiencies of the FAC cannot be cured by further amendment. Accordingly, the Court recommends the FAC be dismissed without further leave to amend. See, e.g., Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F., 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."); Ismail v. Cnty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012).

## V.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

Dated: August 22, 2022

_____
JOHN D. EARLY
United States Magistrate Judge

14